In The

Court of Appeals

For The

First District of Texas

_______________


NO. 01-99-01174-CV

____________


ALFONSO GARCIA, Appellant


V.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION, CORRECTIONAL OFFICER NEAL, CORRECTIONAL
OFFICER FORDJOUR, Appellees





On Appeal from the 12th/278th District Court

Walker County, Texas

Trial Court Cause No. 20,568





O P I N I O N

 Appellant, an inmate of the Texas Department of Criminal Justice-Institutional
Division (TDCJ), appeals from an order dismissing his pro se, in forma pauperis suit
under chapter 14 of the Civil Practice and Remedies Code. We affirm.

Background

 Appellant alleged that he was injured on April 30, 1999, when a prison cell
door rolled back during a power outage. Appellant's fingers got caught in the bars,
resulting in lacerations and two broken fingers. Appellant's Step 1 grievance was
denied on June 17, 1999. Appellant's Step 2 grievance was denied on July 16, 1999. 
On August 25, 1999, appellant filed his original petition in the district court. On
October 1, 1999, after an evidentiary hearing, the trial court dismissed appellant's
claims under section 14.005 of the Civil Practice and Remedies Code. 

Standard of Review

 In reviewing the trial court's decision to dismiss a case subject to chapter 14,
an appellate court applies an abuse-of-discretion standard of review. Wallace v.
Texas Dep't of Criminal Justice-Institutional Div., 36 S.W.3d 607, 610 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied). A court abuses its discretion if it acts
without reference to guiding rules or principles. Id. 

Dismissal Proper under Section 14.005

 In point of error two, appellant contends that the trial court abused its
discretion in dismissing his claims because his petition was timely filed.

 The trial court dismissed appellant's claims under Civil Practice and Remedies
Code section 14.005(b), which provides that the trial court "shall dismiss a claim if
the inmate fails to file the claim before the 31st day after the date the inmate receives
the written decision from the grievance system." Tex. Civ. Prac. & Rem. Code
Ann. § 14.005(b) (Vernon Supp. 2002). Specifically, the trial court stated that
appellant failed to file his original petition before the 31st day after he "received a
reply to his Step 2 grievance pursuant to § 14.005(b) of the Code." 

 The record reflects that appellant's Step 1 grievance was denied on June 17,
1999. The administration's decision stated as follows:

 The incident to which you refer occurred on 04/30/99, however, you did
not file your Step 1 grievance until 06/08/99. You have exceeded the
fifteen day time limit for filing your complaint. Therefore, this
grievance will be closed without a decision based on its merits. 
Administratively closed. 

 Appellant then filed a Step 2 grievance, which was denied because appellant
"violated the time limits for submitting grievances at either Step 1 or Step 2." This
Step 2 grievance was denied on July 16, 1999. Appellant was required to file his
original petition in the trial court 31 days later, or by August 16, 1999. See Tex. Civ.
Prac. & Rem. Code § 14.005(b). However, appellant filed suit on August 25,
1999--nine days too late. 

 Section 14.005(b) requires an inmate to file a claim "before the 31st day after
the date the inmate receives the written decision from the grievance system." Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (emphasis added). Appellant contends
that he "received" the denial of his grievance on August 11, 1999; therefore, he could
file his claim 31 days later, or by September 11, 1999. Accordingly, he argues that
his claim was timely filed on August 25, 1999. 

 The Step 2 grievance form is contained in a one-page document within the
clerk's record. The regional director signed and dated the form on July 16, 1999. 
Likewise, appellant signed and dated the form on the same day, July 16, 1999. In his
brief on appeal, however, appellant contends that he wrote August 11, 1999, on the
bottom of the form to indicate the date he received it. The bottom of the form reveals
a small, handwritten notation, which simply states, "8-11." There is nothing to
indicate what the "8-11" represents or who wrote it. Moreover, there is no videotape
of the evidentiary hearing and no reporter's record. (1) After reviewing the record, we
hold that there is no evidence that appellant "received" the grievance decision on
August 11, 1999. The trial court did not err in dismissing the lawsuit. 

 Point of error two is overruled.

Monetary Damages

 In point of error one, appellant contends that he did not have to exhaust the
grievance system remedies because his cause of action was a personal injury claim
seeking monetary damages.

 The "Inmate Grievance System" is set forth in Government Code section
501.008, as follows:

 (a) The department shall develop and maintain a system for the
resolution of grievances by inmates housed in facilities operated by the
department or under contract with the department that qualifies for
certification under 42 U.S.C. Section 1997e and the department shall
obtain and maintain certification under that section. A remedy provided
by the grievance system is the exclusive administrative remedy available
to an inmate for a claim for relief against the department that arises
while the inmate is housed in a facility operated by the department or
under contract with the department, other than a remedy provided by
writ of habeas corpus challenging the validity of an action occurring
before the delivery of the inmate to the department or to a facility
operated under contract with the department.


 (b) The grievance system must provide procedures:



 for an inmate to identify evidence to substantiate the
inmate's claim; and
 for an inmate to receive all formal written responses to the
inmate's grievance.



Tex. Gov't Code Ann. § 501.008 (Vernon 1998). 

 The United States Supreme Court held that Congress intended a prisoner to
invoke "such administrative remedies as are available" in the prison, without regard
to whether the grievance procedure affords money damage relief, before he may file
suit in federal court. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821 (2001). (2) 
Administrative exhaustion is required, even when the grievance process does not
permit an award of money damages and the prisoner seeks only money damages, as
long as the grievance tribunal has authority to take some responsive action. Id. The
Court explained the policy reasons for its holding: 

 [R]equiring exhaustion in these circumstances would produce
administrative results that would satisfy at least some inmates who start
out asking for nothing but money, since the very fact of being heard and
prompting administrative change can mollify passions even when
nothing ends up in the pocket. And one may suppose that the
administrative process itself would filter out some frivolous claims and
foster better-prepared litigation once a dispute did move to the
courtroom, even absent formal fact finding. 


Id. at 1823.

 The Fifth Circuit applied Booth to a case involving the TDCJ prison grievance
system. Wright v. Hollingsworth, 260 F.3d 357 (Tex. 2001). The inmate sought
redress for his injury (a ruptured eardrum) and pain and suffering--harms that could
be relieved only by money damages. Id. at 358. The court held, "Quibbles about the
nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or
breadth of prison grievance procedures were laid to rest in Booth." Id. The inmate
was required to exhaust all TDCJ grievance procedures, even if money damages were
unavailable. Id. 

 Similarly, we hold that appellant was required to exhaust all remedies under the
grievance system, regardless of whether he sought monetary damages. The TDCJ
grievance system provides procedures for an inmate to identify evidence to
substantiate the inmate's claim, and for an inmate to receive all formal written
responses to the inmate's grievance. Tex. Gov't Code § 501.008(b). By "filter[ing]
out some frivolous claims and foster[ing] better-prepared litigation," the TDCJ
grievance tribunal "has authority to take some responsive action." Booth, 531 U.S.
956, 121 S. Ct. at 1823. 

 Point of error one is overruled. 

Conclusion

 We affirm the judgment of the trial court.




 Adele Hedges

 Justice


Panel consists of Justices Hedges, Nuchia, and Duggan. (3) 

Do not publish. Tex. R. App. P. 47.
1. On April 20, 2000, we ordered the district clerk or court reporter to forward to
this Court the tape of the evidentiary hearing. The district clerk responded to
our order by filing a certification in this Court stating that there is no videotape
in this case.
2. The Booth case is in the context of 42 U.S.C. § 1997e(a), as amended by the
Prison Litigation Reform Act, which requires a prisoner to exhaust "such
administrative remedies as are available" before filing suit in federal court. 
3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.