In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00067-CV

____________


GUY L. ALLEN, Appellant


V.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION, EXECUTIVE DIRECTOR WAYNE SCOTT, AND OFFICER
KYLE RACKLEY, Appellees






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 20,666





O P I N I O N Appellant, an inmate of the Texas Department of Criminal Justice-Institutional
Division (TDCJ), appeals from an order dismissing his pro se, in forma pauperis suit
under chapter 14 of the Civil Practice and Remedies Code. We affirm.

Background

 Appellant alleged that he was injured on December 19, 1997, while he rode a
TDCJ bus in route from one unit to another. Appellant filed a grievance, which was
denied on July 6, 1998. On December 2, 1999, appellant filed his original petition
in the district court. On December 17, 1999, after an evidentiary hearing, the trial
court dismissed appellant's claims under section 14.005 of the Civil Practice and
Remedies Code. On appeal, appellant contends that the trial court erroneously
dismissed his case. We disagree.Standard of Review

 In reviewing the trial court's decision to dismiss a case subject to chapter 14,
an appellate court applies an abuse-of-discretion standard of review. Wallace v.
Texas Dep't of Criminal Justice-Institutional Div., 36 S.W.3d 607, 610 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied). A court abuses its discretion if it acts
without reference to guiding rules or principles. Id. 

Dismissal Proper under Section 14.005

 The trial court dismissed appellant's claims under Civil Practice and Remedies
Code section 14.005, which provides:

 (a) An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with the
court:


 (1) an affidavit or unsworn declaration stating the date that
the grievance was filed and the date the written decision
described by Section 501.008(d), Government Code, was
received by the inmate; and


 (2) a copy of the written decision from the grievance system. 


 (b) A court shall dismiss a claim if the inmate fails to file the claim
before the 31st day after the date the inmate receives the written
decision from the grievance system. 

Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon Supp. 2002).

 Under this section, the trial court "shall dismiss a claim" if the inmate does not
file it before the 31st day after he receives the decision from the grievance system. 
Id. § 14.005(b). Appellant's grievance was denied on July 6, 1998. He filed his
lawsuit on December 2, 1999, almost 17 months later. Appellant's suit was untimely
because he did not file his claim before the 31st day after he received notice of the
written decision on his grievance. See id. Thus, the trial court did not err in
dismissing the lawsuit. See Wallace, 36 S.W.3d at 611.

 Although the statutory deadline for filing the state court action expired, the
dissent argues that appellant should get a second chance to file a timely suit in state
court because appellant first filed suit in federal court. The dissent cites no authority
for this proposition. We found none. In fact, section 14.005 does not contemplate
such a scenario. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b). The fact remains
that appellant's grievance was denied on July 6, 1998. Appellant did not file his state
court action within 31 days, as required by section 14.005; therefore, the trial court
properly dismissed the suit. Id. 

 Appellant's federal suit was dismissed on July 29, 1999. Afterward, appellant
filed a second grievance on August 11, 1999. This second grievance involved the
same issues as his first grievance, which had previously been denied on July 6, 1998. 
Filing this second grievance did not extend appellant's deadline to file his state court
claim.

 The statute simply states that the trial court "shall dismiss a claim" if the inmate
does not file it before the 31st day after he receives the decision from the grievance
system. Id. § 14.005(b). Nothing in the statute indicates that appellant's pursuit of
a federal remedy or his filing a second grievance would suffice to extend the deadline
to file a state claim. Monetary Damages

 In three points of error, appellant contends that: (1) he was denied due process
and equal protection because he sought monetary damages; therefore, he exhausted
all grievance system remedies; (2) he did not have to exhaust the grievance system
remedies because he sought monetary damages; and (3) he exhausted all remedies
because he wrote a letter notifying the responsible agencies that he sought monetary
damages. 

 The "Inmate Grievance System" is set forth in Government Code section
501.008, as follows:

 (a) The department shall develop and maintain a system for the
resolution of grievances by inmates housed in facilities operated by the
department or under contract with the department that qualifies for
certification under 42 U.S.C. Section 1997e and the department shall
obtain and maintain certification under that section. A remedy provided
by the grievance system is the exclusive administrative remedy available
to an inmate for a claim for relief against the department that arises
while the inmate is housed in a facility operated by the department or
under contract with the department, other than a remedy provided by
writ of habeas corpus challenging the validity of an action occurring
before the delivery of the inmate to the department or to a facility
operated under contract with the department.


 (b) The grievance system must provide procedures:



 for an inmate to identify evidence to substantiate the
inmate's claim; and

 for an inmate to receive all formal written responses to the
inmate's grievance.



Tex. Gov't Code Ann. § 501.008 (Vernon 1998). 

 The United States Supreme Court held that Congress intended a prisoner to
invoke "such administrative remedies as are available" in the prison, without regard
to whether the grievance procedure affords money damage relief, before he may file
suit in federal court. Booth v. Churner, 532 U.S. 731, 733, 121 S. Ct. 1819, 1821
(2001). (1) Administrative exhaustion is required, even when the grievance process
does not permit an award of money damages and the prisoner seeks only money
damages, as long as the grievance tribunal has authority to take some responsive
action. Id. The Court explained the policy reasons for its holding: 

 [R]equiring exhaustion in these circumstances would produce
administrative results that would satisfy at least some inmates who start
out asking for nothing but money, since the very fact of being heard and
prompting administrative change can mollify passions even when
nothing ends up in the pocket. And one may suppose that the
administrative process itself would filter out some frivolous claims and
foster better-prepared litigation once a dispute did move to the
courtroom, even absent formal factfinding. 


532 U.S. at 737, 121 S. Ct. at 1823.

 The Fifth Circuit applied Booth to a case involving the TDCJ prison grievance
system. Wright v. Hollingsworth, 260 F.3d 357 (Tex. 2001). The inmate sought
redress for his injury (a ruptured eardrum) and pain and suffering--harms that could
be relieved only by money damages. Id. at 358. The court held, "Quibbles about the
nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or
breadth of prison grievance procedures were laid to rest in Booth." Id. The inmate
was required to exhaust all TDCJ grievance procedures, even if money damages were
unavailable. Id. 

 Similarly, we hold that appellant was required to exhaust all remedies under the
grievance system, regardless of whether he sought monetary damages. The TDCJ
grievance system provides procedures for an inmate to identify evidence to
substantiate the inmate's claim, and for an inmate to receive all formal written
responses to the inmate's grievance. Tex. Gov't Code Ann. § 501.008(b). By
"filter[ing] out some frivolous claims and foster[ing] better-prepared litigation," the
TDCJ grievance tribunal "has authority to take some responsive action." Booth, 532
U.S. at 737, 121 S. Ct. at 1823.

 Points of error one, two, and three are overruled. 

Denial of Grievance

 In point of error four, appellant contends that "there has never been a written
final decision to deny such relief requested." 

 Appellant's argument is without merit. The clerk's record contains a July 6,
1998 letter from the Assistant Attorney General denying appellant's claim. 
Moreover, appellant admitted in his original petition that the "final decision to deny
[appellant] any relief from his grievance/claim came on July 6, 1998." 

 Point of error four is overruled.



Conclusion


 We affirm the judgment of the trial court.



 Adele Hedges

 Justice

Panel consists of Justices Mirabal, Hedges, and Jennings.

Justice Mirabal dissenting.

Publish. Tex. R. App. P. 47.
1. The Booth case is in the context of 42 U.S.C. § 1997e(a), as amended by the
Prison Litigation Reform Act, which requires a prisoner to exhaust "such
administrative remedies as are available" before filing suit in federal court.