Opinion Issued July 10, 2003                                                      















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00734-CV
____________

JOSEPH REED, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL
DIVISION, ISRAEL DAVILA, and LARRY BENNETT, Appellees




On Appeal from the 12th District Court 
Walker County, Texas
Trial Court Cause No. 21568




MEMORANDUM OPINION
          Appellant, Joseph Reed, appeals the dismissal of his civil rights suit against
appellees, Texas Department of Criminal Justice-Institutional Division (TDCJ-ID)
and TDCJ-ID employees, Israel Davila and Larry Bennett. In five issues, Reed
contends that the trial court abused its discretion in dismissing his suit under Chapter
14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.001. (Vernon Supp. 2003). We reach only Reed’s fifth issue and
his motion for appointment of counsel filed in this Court. We affirm.
Facts
          Reed is currently incarcerated in the French Robertson Unit of TDCJ-ID. Reed
filed a civil rights suit in the trial court on November 13, 2000, claiming that TDCJ-ID employees used excessive force against him by slamming him into a concrete floor
while he was handcuffed. The trial court granted a motion to dismiss filed by the
Attorney General under Chapter 14 on behalf of TDCJ-ID. The trial court did not
state the grounds upon which it granted the dismissal.
Motion for Appointment of Counsel
          Reed filed a motion in this Court for appointment of counsel, claiming that the
complexity of the case requires the assistance of counsel. We construe this as a
request for us to abate the appeal for the trial court to appoint appellate counsel. Cf.
Tex. R. App. P. 38.8(2), (4) (allowing appellate court to abate appeal in criminal case
and remand to trial court to determine whether appellant still desires to prosecute his
appeal, whether appellant is indigent, or whether, if appellant is not indigent, his
retained counsel has abandoned appeal). To the extent that Reed argues that the trial
court abused its discretion in failing to appoint him counsel, we deny his motion. A
trial court has discretion to appoint counsel for an indigent party in a civil case. Tex.
Gov’t Code Ann. § 24.016 (Vernon Supp. 2003); Coleman v. Lynaugh, 934 S.W.2d
837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ). However, Reed has not
shown that the public and private interests at stake here are “so exceptional that the
administration of justice may best be served” by appointing a lawyer to represent him. 
Gibson v. Tolbert, 102 S.W.3d 712, 713 (Tex. 2003) (holding that “inmate suits
against prison personnel, rather than rare and unusual, are common” and, therefore, 
such suits do not constitute exceptional circumstances warranting appointed counsel).
          Accordingly, we deny Reed’s motion for appointment of counsel.
 Dismissal
          In his fifth issue, Reed contends that the trial court abused its discretion in
dismissing his suit under section 14.005(b). See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005 (Vernon 2002). TDCJ-ID responds that Reed failed to file his suit within
the 31-day statutory period required under section 14.005(b). See id.
          We review a trial court’s dismissal of an action under Chapter 14 for abuse of
discretion. Wallace v. Texas Dep’t of Criminal Justice-Institutional Div., 36 S.W.3d
607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial court abuses its
discretion if it acts arbitrarily, capriciously, or without reference to guiding rules or
principles. See Brewer v. Collins, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st
Dist.] 1993, no writ). When the trial court fails to specify the grounds for dismissal,
a party appealing from the dismissal order must show that each of the independent
arguments alleged in the motion is insufficient to support the order. Wallace, 36
S.W.3d at 610. 
          Before initiating a lawsuit, an inmate must exhaust all administrative remedies
within the penal grievance system under Chapter 14. Id. An inmate who files a claim
subject to the grievance system established under section 501.008 of the Government
Code must file with the trial court (1) an affidavit or unsworn declaration stating the
date that the grievance was filed and the date that the written decision was received
and (2) a copy of the written decision from the grievance system.


 Tex. Civ. Prac.
& Rem. Code Ann. § 14.005 (Vernon 2002). If the inmate fails to file the claim
before the 31st day after the date that the inmate receives the written decision from
the grievance system, a trial court must dismiss the claim. Id. 
          The record shows that Reed filed grievance complaints with TDCJ-ID on
December 4, 1998 and January 7, 1999. Reed’s December 4 grievance was denied
on December 28, 1998. His January 7 grievance, an appeal of the December 28
grievance decision, was denied on January 25, 1999. Reed filed his original petition
in the trial court on November 13, 2000, over 19 months after his second grievance
had been denied. Under section 14.005, Reed’s suit was untimely because he did not
file the suit before the 31st day after he had received notice of the written decision on
his grievance. See id. 
          We hold that the trial court did not abuse its discretion in dismissing Reed’s
claim under Chapter 14 of the Civil Practice and Remedies Code. Because the trial
court properly dismissed Reed’s claim under section 14.005(b), we need not reach his
remaining issues. 
          We overrule Reed’s fifth issue.
Conclusion
          We affirm the judgment of the trial court.




 
 Tim Taft
     Justice


Panel consists of Justices Taft, Jennings, and Hanks.