11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Garry Peoples
            Appellant
Vs.                  No. 11-03-00335-CV – Appeal from Walker County
Cynthia Woods et al
            Appellees
 
            Appellant Gary Peoples is an inmate at the Ellis Unit of the Texas Department of Criminal
Justice – Institutional Division. Appellant, pro se, argues that the district court erred when it
dismissed his tort claim and refused to file findings of fact and conclusions of law. We affirm.
            Appellant alleged in his lawsuit that officers of the Texas Department of Criminal Justice
confiscated his personal property consisting of denatured alcohol, lacquer thinner, leather dye, and
adhesive cement after the craft shop was closed. Appellant claimed that Property Officers Woods
and Matthew lost his items before he could have the items picked up. In his brief, appellant states
that he first sought compensation for the items through the two-step process of the penal grievance
system. See TEX. GOV’T CODE ANN. § 501.008(d) (Vernon 1998). Step one of that process
involves submitting a grievance form to the Texas Department of Criminal Justice at the institutional
level and receiving its written decision; and step two involves submitting an appeal to the divisional
level and receiving its written decision. Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex.App. - Corpus
Christi 2003, pet’n den’d). Appellant’s affidavit states that he exhausted his administrative remedies
by complying with both steps. However, appellant did not provide a copy of the written decision
from the grievance system; and appellant’s affidavit did not state the dates that his grievance was
filed and the written decision was received. 
            The legislature enacted Chapter 14 of the Texas Civil Practice and Remedies Code to govern
inmate litigation. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a) (Vernon 2002) requires that
the inmate attach both (1) an affidavit or unsworn declaration stating the date the grievance was filed
and the date the written decision was received by the inmate and (2) a copy of the written decision
from the grievance system. An inmate must prove that he exhausted all administrative remedies
within the penal grievance system before initiating a lawsuit. Wallace v. Texas Department of
Criminal Justice - Institutional Division, 36 S.W.3d 607, 610 (Tex.App. - Houston [1st Dist.] 2000,
pet’n den’d). If the claim does not comply with Chapter 14 of the Texas Civil Practice and Remedies
Code, it can be dismissed. See Sanders v. Palunsky, 36 S.W.3d 222, 226 (Tex.App. - Houston [14th
Dist.] 2001, no pet’n). 
             Appellant did not establish that he exhausted his remedies because he did not provide the
trial court with a copy of the written decision from the grievance system. Appellant also did not
provide the trial court with the date the grievance was filed and the written decision was received. 
Because appellant did not prove that he exhausted his remedies and complied with Chapter 14 of the
Civil Practice and Remedies Code, the trial court did not err in dismissing appellant’s claims.
            The court correctly refused to file findings of fact and conclusions of law. TEX.R.CIV.P.
296 did not apply when the trial court dismissed the case, under Chapter 14 of the Texas Civil
Practice and Remedies Code, without holding a fact hearing. Retzlaff v. Texas Department of
Criminal Justice, 94 S.W.3d 650, 655 (Tex.App. - Houston [14th Dist.] 2002, pet’n den’d).
            All of appellant’s contentions on appeal have been considered by this court. Each argument
is overruled.
            The order of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE 
 
July 15, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.