Opinion issued April 7, 2005





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00232-CV




LEONARDO RUIZ SR., Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL
DIVISION, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 26863




MEMORANDUM OPINION

          Appellant, Leonardo Ruiz Sr., appeals the dismissal of his suit brought against
appellees, Texas Department of Criminal Justice–Institutional Division (TDCJ). In
his sole issue, appellant contends that the trial court erred by dismissing his suit with
prejudice for failure to state a cause of action. We affirm.
Background
          Appellant is currently incarcerated in the Clemens Unit of TDCJ. This suit
arises out of an incident that occurred in March 2003, when a prison guard ordered
appellant to lift a toolbox. As a result of lifting the box, appellant contended that he
received an abdominal hernia. On July 30, 2003, appellant filed a step-one grievance
alleging that the medical clinic was “acting with deliberate indifference toward my
new injury because they are unwilling to change my [work] restriction to a lower
amount.”


 His request was denied in a written decision on August 25, 2003. On
September 2, 2003, appellant filed a step-two grievance, appealing the denial of the
step-one grievance. His step-two grievance was denied on October 2, 2003. 
          On December 3, 2003, appellant filed his original petition in the district court. 
His original petition did not state the grounds on which he claimed TDCJ was liable. 
Appellant attached a declaration of inability to pay costs and a notarized statement
of his prison account. He also attached a declaration of exhaustion of administrative
remedies, providing the dates he filed his grievances and the dates of the written
decisions. Appellant attached copies of his step-one and step-two grievance forms,
but did not attach copies of the written decisions to his original petition. He also
attached a declaration stating that he had not filed any pro se lawsuits prior to this
suit. On February 18, 2004, the trial court dismissed with prejudice appellant’s suit
for failure to state a cause of action as a matter of law. This appeal followed.
Discussion
          When an inmate files a civil suit in forma pauperis he must first comply with
the requirements set forth in Chapter 14 of the Texas Civil Practice and Remedies
Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002).
          The inmate must file an affidavit or declaration identifying and describing
previous suits brought by the inmate pro se. Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a)–(b) (Vernon 2002). The inmate must also prove he exhausted all
administrative remedies within the penal grievance system before filing a lawsuit. 
Wallace v. Texas Dep’t of Criminal Justice–Institutional Div., 36 S.W.3d 607, 610
(Tex. App.—Houston [1st Dist.] 2000, pet. denied). Section 14.005(a) requires: 
(a) An inmate who files a claim that is subject to the grievance system
established under Section 501.008, Government Code, shall file with the
court:
(1) an affidavit or unsworn declaration stating the date that
the grievance was filed and the date the written decision
described by Section 501.008(d), Government Code, was
received by the inmate; and
 
(2) a copy of the written decision from the grievance
system.

Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1)–(2) (Vernon 2002). Section
14.005 requires the court to dismiss a claim if the inmate fails to file the claim before
the 31st day after the date the inmate receives the written decision from the grievance
system. Id. § 14.005(b).
          With his original petition, appellant filed a declaration of his previous filings
in compliance with section 14.004. Appellant also filed a declaration stating the dates
he filed his step-one and step-two grievances and the dates he received the written
decisions. The record shows, however, that appellant did not include a copy of the
written decisions in his original petition to the trial court. Thus, appellant did not
satisfy the requirements set forth in section 14.005(a)(2). See Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a)(2) (Vernon 2002).
          Furthermore, the record shows that a written decision on appellant’s step-two
grievance was made on October 2, 2003. Appellant filed his original petition on
December 3, 2003, two months after the date of the written decision. Therefore,
appellant’s suit was untimely filed. See Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b); Allen v. Texas Dep’t of Criminal Justice–Institutional Div., 80 S.W.3d
681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); Wallace, 36 S.W.3d at
611. Because appellant failed to meet the requirements of section 14.005(a)(2) and
(b), his suit was barred and the trial court was required to dismiss it. See Moreland
v. Johnson, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
          Accordingly, we do not reach appellant’s sole issue because he failed to meet
the chapter 14 requirements to initiate his suit.
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.