In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00072-CV


______________________________




ROMEO ANDERSON LEE, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL 

 DIVISION, ET AL., Appellees



 


On Appeal from the 5th Judicial District Court


 Bowie County, Texas


Trial Court No. 05C1933-005




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Romeo Anderson Lee is an inmate within the Texas Department of Criminal
Justice-Institutional Division. After being transferred from another unit, it appears (taking the
allegations contained in his original petition as true) that he was not allowed to keep the packing case
to his typewriter once he arrived at the Telford Unit in New Boston, Bowie County, Texas. Lee filed
several grievances regarding the failure of the property department to release the typewriter case to
him. The record before us suggests Lee's most recently filed "Step-2" grievance regarding the
typewriter case was denied by the administrative hearing official January 18, 2005, which Lee
received notice of by February 5, 2005. Lee then filed a civil suit against several officials within the
Texas Department of Criminal Justice. The date of filing of his original petition is December 29,
2005. Lee apparently signed the petition December 11, 2005, and mailed it to the local district
clerk's office December 27, 2005. The trial court dismissed Lee's lawsuit May 22, 2006, on the basis
that Lee had not timely filed his original petition. Lee now appeals. 

 Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits filed by inmates
of the Texas Department of Criminal Justice. Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon
2002). A trial court in this State must dismiss an inmate's lawsuit if the record before the court
shows the inmate failed to adequately exhaust his or her administrative remedies, or if the record
reveals the inmate failed to file his or her claim in the trial court within thirty-one days of having
exhausted all administrative remedies. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a), (b)
(Vernon 2002).

 The trial court dismissed Lee's lawsuit after finding that Lee failed to file this lawsuit within
thirty-one days of exhausting his administrative remedies. The record on appeal supports the trial
court's conclusion: Lee apparently waited more than ten months between the time he was notified
of the disposition of his last "Step-2" grievance and the time he filed the instant lawsuit. Thus, the
trial court properly dismissed Lee's lawsuit. Accord; Sanders v. Palunsky, 36 S.W.3d 222 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Wallace v. TDCJ-ID, 36 S.W.3d 607, 610 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied).

 We affirm the trial court's judgment.





 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 28, 2006

Date Decided: December 5, 2006



) (counsel
argued that jury not consider client a "drunk Mexican").

 First, we note that here there was no objection to any of the trial court's comments and that
counsel also made no objection later--when asked whether there was any reason for sentence not
to be pronounced--and, in fact, said he had no legal reason for sentence not to be pronounced at that
time. In the absence of any timely complaint by counsel, the claimed error has not been preserved
for appellate review. Tex. R. App. P. 33.1. 

 Even if the complaint had been properly preserved, we do not read such racial implications
into these statements. The trial court stated that it would not let the drunken "Benito Aguilars" of
the world back onto the roadway to endanger other families and that it would not allow such to
happen with this person in this case. It was a generic statement of intent to enforce the law and
sentence as it saw necessary to protect the public. The trial court's comments were not perjorative
to Hispanics, nor were they race-specific in any fashion, beyond using the name of the defendant. 
Using a defendant's name in such a fashion does not make a statement racist.

 We overrule the point of error and affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 1, 2008

Date Decided: December 2, 2008


Do Not Publish