

# NUMBER 13-08-420-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**JEFFERY LEE HOYLE,** **Appellant,**

**v.**

**RONALD FERRELL, ET AL.,** **Appellees.**

### On appeal from the 156th District Court
### of Bee County, Texas

# MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Jeffery Lee Hoyle, appearing pro se and in forma pauperis, appeals an order of the trial court dismissing his case for failing to comply with the procedural requirements of chapter 14 of the Texas Civil Practice and Remedies Code. By one issue, Hoyle argues that the trial court erred in dismissing his case with prejudice. We affirm.

## I. BACKGROUND

Hoyle is serving a ninety-nine year sentence at the McConnell Unit of the Texas Department of Criminal Justice. He filed suit against Ronald Ferrell and James Fitts alleging that he was improperly denied dentures. Hoyle urged that the defendants, who are a physician and a dentist, provided inadequate medical care and assessment of his medical condition, failed to provide him with appropriate pain relief, and failed to implement and maintain programs to develop staff skills. Appellees, through the office of the Attorney General, filed a motion to dismiss, asserting that Hoyle failed to comply with chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (Vernon 2002). Specifically, the motion urges that Hoyle did not comply with the filing requirements of sections 14.004, 14.005 or 14.006 of the Texas Civil Practice and Remedies Code. *Id*. §§ 14.004; 14.005(a),(b); 14.006(f).

The trial court held a hearing at which Hoyle appeared by telephone. At that hearing, counsel for appellees informed the court that Hoyle did not file an affidavit documenting previous lawsuits he had filed as required by the statute. *See id.* § 14.004. Counsel also asserted that Hoyle failed to file his lawsuit prior to the 31st day after the date Hoyle received his written decision from the grievance system. *See id.* § 14.005(b). Hoyle told the trial court that he had not received his Step 2 grievance response until January 8, 2008, after the deadline for filing a claim under section 14.005(b). Counsel for appellees noted that Hoyle made no complaint in his pleadings that he failed to receive his copy of the Step 2 grievance response until January 8. Hoyle also presented no evidence that he had not received his response until January. Hoyle attached his Step 2 grievance form to his petition. There is, however, no affidavit or unsworn declaration stating the date the

2

grievance was filed and the date the written decision was received. Appellees urged in their motion and at the hearing that the Step 2 grievance was signed on October 22, 2007. Hoyle did not dispute that it was signed on that date. The evidence is undisputed that Hoyle did not file his lawsuit until January 18, 2008. The trial court found that Hoyle failed to comply with chapter 14's prerequisites.

## II. STANDARD OF REVIEW

The standard of review for dismissal of a suit brought by an inmate under the statute governing inmate litigation is whether the trial court abused its discretion. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.–Corpus Christi 2001, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to guiding rules and principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). The fact that, under similar circumstances, an appellate court might decide a matter differently than did the trial court does not demonstrate that an abuse of discretion has occurred. The burden of proof rests on the appellant asserting abuse of discretion to overcome the presumption that the action of the trial court was justified. *Fed. Deposit Ins. Co. v. Kendrick,* 897 S.W.2d 476, 479 (Tex. App.–Amarillo 1995, no writ).

Inmate litigation is governed by special procedural rules set forth in chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.002-.014 (Vernon 2005). The two step offender grievance program is the sole administrative remedy for TDCJ inmates. *Crain v. Prasifka*, 97 S.W.3d 867, 868 (Tex. App.–Corpus Christi 2003, pet. denied). TDCJ's system must be exhausted before an inmate can file suit. *Id.*

III.  ANALYSIS

Here, Hoyle's argument is that the trial court should not have dismissed his claim with prejudice.  An inmate must prove that he has exhausted all administrative remedies before he is entitled to initiate an action within the court system.  *Wallace v. Tex. Dep't of Criminal Justice - Inst. Div.*, 36 S.W.3d 607, 610 (Tex. App.–Houston [1st Dist. 2000, pet. denied); *Smith v. Tex. Dep't of criminal justice - Inst. Div.*, 33 S.W.3d 338, 340-41 (Tex. App.–Texarkana 2000, pet. denied).  Section 14.005(a) requires the inmate to file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a).  The trial court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives a written decision from the grievance system.  *Id*.  A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice.  *Id.* § 14.003(a); *Moreland v. Johnson*, 95 S.W.3d 392, 395 (Tex. App.–Houston [1st Dist.] 2002, no pet); *see also Dumas v. Tex. Dep't of Criminal Justice - Inst. Div.*, No. 13-04-321-CV, 2005 WL 1797074, at *1 (Tex. App.–Corpus Christi July 28, 2005, no pet.) (mem. op., not designated for publication).

The burden was on Hoyle to show that he did not receive a response until January 8, 2008, as he suggested for the first time at the hearing.  *See Wallace*, 36 S.W.3d at 610.  There was, however, no evidence before the trial court at the time of the hearing to show that Hoyle had not been timely notified of the outcome of his Step 2 grievance.  Further, Hoyle's error could not be remedied by amendment of his claim because he did not timely file it within the time dictated by the statute.  The trial court had no evidence before it to

4

show that Hoyle did not timely receive notification of his Step 2 grievance. Because Hoyle did not comply with the statutory requirements, we find no abuse of discretion. Hoyle's issue is overruled.

IV. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 30th day of October, 2008.