# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00552-CV

**Roy Jon, Appellant**

v.

**Bobby Griffin, Romonia Bobino, Sally Carrier, Brenda Williams, Paula Foy, Sandra Robinson, George Bell, David Doughty, Gary Johnson, Cynthia Chiles, and the Texas Department of Criminal Justice, Institutional Division, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-04-003916, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Roy Jon, an inmate appearing pro se, appeals an order dismissing his suit against the Texas Department of Criminal Justice and a number of its individual employees (collectively, "TDJC"). The trial court dismissed Jon's suit for failure to comply with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). We reverse the trial court's order of dismissal and remand for further proceedings.

## BACKGROUND

Jon, an inmate in TDCJ's institutional division, brought suit raising a variety of claims, including defamation, slander, "obstruction of correspondence," theft of mail, violations of his due process rights, gross negligence, cruel and unusual punishment, conspiracy, and "postage collected unlawfully." TDCJ filed a motion to dismiss under chapter 14 of the civil practice and remedies code, which governs suits brought by inmates who have filed declarations of inability to

pay costs in civil causes of action. *See id.* § 14.002. The trial court granted the motion and dismissed Jon's claims against TDCJ for failure to comply with chapter 14.

Jon appeals from the order of dismissal, arguing that the trial court erred by granting the motion to dismiss.

**DISCUSSION**

Jon's issues on appeal can be summarized as a single complaint that the trial court erred by dismissing his claims pursuant to chapter 14 of the civil practice and remedies code. We review a dismissal pursuant to chapter 14 under an abuse-of-discretion standard. *Presiado v. Sheffield*, 230 S.W.3d 272, 274 (Tex. App.—Beaumont 2007, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Where, as here, the order of dismissal does not state the specific grounds on which it was granted, the inmate appealing the order must show that each of the independent arguments alleged in the motion to dismiss is insufficient to support the order. *Wallace v. Texas Dep't of Crim. Justice*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

In its motion to dismiss, TDCJ claimed that Jon failed to comply with chapter 14 by (1) failing to file an affidavit of previous filings as required by section 14.004, (2) failing to file a copy of his inmate trust account as required by section 14.006(f), (3) failing to exhaust administrative remedies as required by section 14.005, and (4) failing to file suit within 31 days of a written decision of the TDCJ grievance system as required by section 14.005(b). TDCJ concedes on appeal that Jon did in fact file an affidavit of previous filings and a copy of his inmate trust account and that

2

Jon did exhaust his administrative remedies before filing suit.[1] TDCJ asserts, however, that because Jon failed to file his suit within 31 days of a written order on his "step 2" grievance, he failed to comply with section 14.005(b) of the civil practice and remedies code.

Section 14.005 requires an inmate subject to chapter 14 to exhaust administrative remedies through the TDCJ grievance system, if applicable, before bringing suit. *See id.* § 14.005. A trial court is required to dismiss the inmate's suit "if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id.* § 14.005(b). According to Jon, he received TDCJ's written decision on his step 2 grievance, the final step in TDCJ's grievance system, on October 18, 2004. Under section 14.005(b), Jon had 31 days after the date he received this decision, or until November 18, 2004, to file suit. Jon's suit was filed in the trial court on December 1, 2004, thirteen days past the deadline. However, Jon asserts that he placed his original petition in the prison mail system on November 15, 2004. There is no postmark in the record to support this assertion, but the certificate of service accompanying Jon's original petition is dated November 15, 2004, and certifies that the petition was placed in the mail on that date.

This matter is governed by the Texas Supreme Court's decision in *Warner v. Glass*, 135 S.W.3d 681 (Tex. 2004). In that case, the court held that a pro se inmate's claim is considered filed for purposes of chapter 14 of the civil practice and remedies code "at the time the prison authorities duly receive the document to be mailed." *Id.* at 684. The inmate in *Warner*, like Jon, asserted that he had placed his petition in the prison mail system within 31 days of the denial of his

---

[1] Jon's affidavit of previous filings, a copy of his inmate trust account, and copies of his administrative grievances appear in the record.

step 2 grievance, but that it did not reach the trial court clerk's office in time to be filed before the 31-day deadline. *Id.* at 683. While the record did not establish the date the petition was deposited in the prison mail system, the court nevertheless reversed the order of dismissal and remanded in order to allow the trial court to determine whether the petition was deposited for mailing within 31 days of the date the step 2 grievance was denied. *Id.* at 686.[2] In light of the Texas Supreme Court's holding in *Warner*, we reverse the trial court's order of dismissal and remand this case to the trial court for further proceedings.

## CONCLUSION

Because we have determined that the trial court erred in granting TDCJ's motion to dismiss under chapter 14 of the civil practice and remedies code, we reverse the trial court's order of dismissal and remand the cause to that court for further proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Remanded

Filed: May 8, 2009

---

[2] The court stated:

> Warner alleges that he deposited his petition in the prison mail system thirty days [after his grievance was denied] on July 6, 2001. The date of the actual postmark on the petition is not reflected in the record, but the petition was received and filed in the district court clerk's office on July 13, 2001, thirty-seven days after Warner received his grievance denial.

*Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004).

4