**Affirmed and Memorandum Opinion filed May 22, 2012.**



In The

# Fourteenth Court of Appeals

————————————

## NO. 14-11-00410-CV

————————————

## ANTHONY JOHNSON, Appellant

### V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 62370I**

## MEMORANDUM OPINION

Appellant, Anthony Johnson, appeals the dismissal of his suit.   We affirm.

## BACKGROUND

Appellant brought suit under 42 USC § 1983,[1] alleging that the Texas Department of Criminal Justice (TDCJ) had violated his constitutional rights under the Due Process Clause of the United States Constitution.   Appellant, an inmate, alleged that a guard

---

[1] *See* 42 U.S.C. § 1983 (2006).

confiscated his property.[2]  Appellant's Step I grievance was filed on July 8, 2010, and the written decision was received by him on September 17, 2010.  Appellant's Step II grievance was filed on September 24, 2010, and the written decision was received by him on December 3, 2010.  Appellant's Original Petition in this case was date-stamped as filed on February 28, 2011.  On March 24, 2011, the trial court entered an order dismissing appellant's claim.  This appeal shortly followed.

## ANALYSIS

Inmate litigation is governed by chapter 14 of the Texas Civil Practice and Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code §§ 14.001–.014 (West 2002 & Supp. 2011).  In reviewing the trial court's decision to dismiss a case subject to chapter 14, we apply an abuse of discretion standard of review.  *Wallace v. Tex. Dep't of Criminal Justice-Institutional Div.*, 36 S.W.3d 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  A court abuses its discretion if it acts without reference to guiding principles or rules.  *Id*.

Section 14.005(b) provides that the trial court "shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."  *Id*. at § 14.005(b).  The record reflects that appellant went through both steps in the grievance process prior to filing his suit with the trial court.  The record shows that appellant received the Step II grievance decision on December 3, 2010; therefore, his deadline to file his claim was January 3, 2011.

A pro se inmate litigant's petition is deemed filed when the petition is timely delivered to the prison mailbox or placed with prison officials for mailing, *i.e.* when prison authorities receive the document to be mailed.  *Campbell v. State*, 320 S.W.3d 338, 343

---

[2] Because the underlying facts and arguments made about the alleged confiscation are not dispositive to the outcome of this appeal, they have been omitted.  *See* Tex. R. App. P. 47.1.

(Tex. Crim. App. 2010); *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007); *Warner v. Glass*, 135 S.W.3d 681, 684–85 (Tex. 2004). If appellant had given his Original Petition to prison authorities by January 3, 2011, then it would have been deemed timely filed. However, there is nothing in the record to show when appellant gave the Original Petition to prison authorities. The record reflects that the District court had received some documents from appellant as of January 21, 2011; however, what those documents were, when they were sent, how they were sent, and when they were received by the district clerk is not shown.[3] Appellant's original petition in this case was date stamped as filed on February 28, 2011, a date too late for the trial court's consideration as a matter of law. Accordingly, the trial court did not abuse its discretion when it dismissed appellant's suit.

## CONCLUSION

We affirm the judgment of the trial court.

/s/     Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[4]

---

[3] The clerk's record contains an exhibit attached to appellant's Original Petition that purports to be a relevant letter from the Brazoria County District Clerk to appellant dated January 21, 2011. In pertinent part, the letter states:

> RE: CIVIL ACTION
>
> Dear Sir:
>
> The clerk has received your documents. The documents are being returned for the following reason(s):
>
> Your Documents are all addressed to the United States District Court. You need to file your documents in the United States District Court, Southern District, Galveston Division, as Brazoria County has no jurisdiction.

We cannot tell from the record before us: (1) when the Brazoria County district clerk received appellant's Original Petition, (2) when appellant mailed the Original Petition, or (3) whether the January 21, 2011 letter even refers to the lawsuit that is the subject of this appeal.

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.