Guy L. **ALLEN**, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE–INSTITUTIONAL DIVISION, Executive Director Wayne Scott, and Officer Kyle Rackley, Appellees.**

No. 01–00–00067–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 2002.

Rehearing Overruled July 19, 2002.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

ADELE HEDGES, Justice.

Appellant, an inmate of the Texas Department of Criminal Justice–Institutional Division (TDCJ), appeals from an order dismissing his *pro se, in forma pauperis* suit under chapter 14 of the Civil Practice and Remedies Code. We affirm.

### Background

Appellant alleged that he was injured on December 19, 1997, while he rode a TDCJ bus in route from one unit to another. Appellant filed a grievance, which was denied on July 6, 1998. On December 2, 1999, appellant filed his original petition in the district court. On December 17, 1999, after an evidentiary hearing, the trial court dismissed appellant's claims under section 14.005 of the Civil Practice and Remedies Code. On appeal, appellant contends that the trial court erroneously dismissed his case. We disagree.

### Standard of Review

In reviewing the trial court's decision to dismiss a case subject to chapter 14, an appellate court applies an abuse-of-discretion standard of review. *Wallace v. Texas Dep't of Criminal Justice–Institutional Div.*, 36 S.W.3d 607, 610 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). A court abuses its discretion if it acts without reference to guiding rules or principles. *Id.*

### Dismissal Proper under Section 14.005

The trial court dismissed appellant's claims under Civil Practice and Remedies Code section 14.005, which provides:

Guy L. Allen, Navasota, for Appellant.

Kimberly Kay Coogan, Assistant Attorney General, Austin, for Appellant.

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.005 (Vernon Supp.2002).

Under this section, the trial court "shall dismiss a claim" if the inmate does not file it before the 31st day after he receives the decision from the grievance system. *Id.* § 14.005(b). Appellant's grievance was denied on July 6, 1998. He filed his lawsuit on December 2, 1999, almost 17 months later. Appellant's suit was untimely because he did not file his claim before the 31st day after he received notice of the written decision on his grievance. *See id.* Thus, the trial court did not err in dismissing the lawsuit. *See Wallace,* 36 S.W.3d at 611.

■ Although the statutory deadline for filing the state court action expired, the dissent argues that appellant should get a second chance to file a timely suit in state court because appellant first filed suit in federal court. The dissent cites no authority for this proposition. We found none. In fact, section 14.005 does not contemplate such a scenario. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b). The fact remains that appellant's grievance was denied on July 6, 1998. Appellant did not file his state court action within 31 days, as

required by section 14.005; therefore, the trial court properly dismissed the suit. *Id.*

■ Appellant's *federal* suit was dismissed on July 29, 1999. Afterward, appellant filed a second grievance on August 11, 1999. This second grievance involved the same issues as his first grievance, which had previously been denied on July 6, 1998. Filing this second grievance did not extend appellant's deadline to file his state court claim.

The statute simply states that the trial court "shall dismiss a claim" if the inmate does not file it before the 31st day after he receives the decision from the grievance system. *Id.* § 14.005(b). Nothing in the statute indicates that appellant's pursuit of a federal remedy or his filing a second grievance would suffice to extend the deadline to file a state claim.

### Monetary Damages

■ In three points of error, appellant contends that: (1) he was denied due process and equal protection because he sought monetary damages; therefore, he exhausted all grievance system remedies; (2) he did not have to exhaust the grievance system remedies because he sought monetary damages; and (3) he exhausted all remedies because he wrote a letter notifying the responsible agencies that he sought monetary damages.

The "Inmate Grievance System" is set forth in Government Code section 501.008, as follows:

(a) The department shall develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department or under contract with the department that qualifies for certification under 42 U.S.C. Section 1997e and the department shall obtain and maintain certifica-

tion under that section. A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department, other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to the department or to a facility operated under contract with the department.

(b) The grievance system must provide procedures:

 (1) for an inmate to identify evidence to substantiate the inmate's claim; and

 (2) for an inmate to receive all formal written responses to the inmate's grievance.

TEX. GOV'T CODE ANN. § 501.008 (Vernon 1998).

The United States Supreme Court held that Congress intended a prisoner to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before he may file suit in federal court. *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 1821, 149 L.Ed.2d 958 (2001).[1] Administrative exhaustion is required, even when the grievance process does not permit an award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.* The Court explained the policy reasons for its holding:

 [R]equiring exhaustion in these circumstances would produce administrative results that would satisfy at least some

inmates who start out asking for nothing but money, since the very fact of being heard and prompting administrative change can mollify passions even when nothing ends up in the pocket. And one may suppose that the administrative process itself would filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding.

532 U.S. at 737, 121 S.Ct. at 1823.

The Fifth Circuit applied *Booth* to a case involving the TDCJ prison grievance system. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir.2001). The inmate sought redress for his injury (a ruptured eardrum) and pain and suffering—harms that could be relieved only by money damages. *Id.* at 358. The court held, "Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Id.* The inmate was required to exhaust all TDCJ grievance procedures, even if money damages were unavailable. *Id.*

Similarly, we hold that appellant was required to exhaust all remedies under the grievance system, regardless of whether he sought monetary damages. The TDCJ grievance system provides procedures for an inmate to identify evidence to substantiate the inmate's claim, and for an inmate to receive all formal written responses to the inmate's grievance. TEX. GOV'T CODE ANN. § 501.008(b). By "filter[ing] out some frivolous claims and foster[ing] better-prepared litigation," the TDCJ grievance tribunal "has authority to take some responsive action." *Booth*, 532 U.S. at 737, 121 S.Ct. at 1823.

---

**1.** The *Booth* case is in the context of 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act, which requires a prisoner to exhaust "such administrative remedies as are available" before filing suit in federal court.

Points of error one, two, and three are overruled.

### Denial of Grievance

In point of error four, appellant contends that "there has never been a written final decision to deny such relief requested."

Appellant's argument is without merit. The clerk's record contains a July 6, 1998 letter from the Assistant Attorney General denying appellant's claim. Moreover, appellant admitted in his original petition that the "final decision to deny [appellant] any relief from his grievance/claim came on July 6, 1998."

Point of error four is overruled.

### Conclusion

We affirm the judgment of the trial court.

Justice MIRABAL dissenting.

MARGARET GARNER MIRABAL, Justice, dissenting.

I dissent.

The majority opinion omits relevant facts that I believe are case determinative.

### Nature of the Suit

Appellant filed suit under the Texas Tort Claims Act[1] against the Texas Department of Criminal Justice–Institutional Division, Executive Director Wayne Scott, and Officer Kyle Rackley. Appellant alleged he was injured on December 19, 1997, when he was a passenger on a TDCJ bus. According to the petition, the bus driver, Officer Rackley, was speeding and crashed into a four-foot embankment. As a result, appellant allegedly suffered a cracked collar bone, facial lacerations requiring 49 stitches, an injured back and neck, and broken dentures.

Appellant, represented by an attorney, sent a notice of his claim to the prison authorities, who referred the matter to the office of the Texas Attorney General. By letter dated July 6, 1998, the Attorney General notified appellant's counsel as follows:

> It has been decided that Mr. Allen's claim for damages will be denied. After the suit is filed, I will be happy to work with you on the scheduling of depositions and the completing of other discovery.

### Federal Litigation

Appellant filed suit in federal court. On July 29, 1999, the federal suit was dismissed because the case involved simple negligence.

### State Litigation

Before an inmate may file a **state court action** on a claim that is subject to the grievance system,[2] the inmate must file a grievance and either receive a written decision, or if no written decision is received, the inmate must wait 180 days after the grievance is filed before filing the claim in state court. TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 1998). However, in the event the state court action is prematurely filed, *i.e.*, before the lapse of 180 days after the grievance is filed upon which no written decision has been made,

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon Supp.2002).

2. I question whether this claim for injuries suffered while riding in a bus on a public road is a claim "subject to the grievance system." However, for purposes of argument, without deciding whether section 501.008 actually applies, this dissenting opinion is written as though appellant's claim is covered by section 501.008 of the Government Code.

then the state court "shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure." TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(c) (Vernon Supp.2002).

In the present case, after the federal court action was dismissed, and prior to filing the state court action, appellant filed another notice of claim and demand for payment with the director of TDCJ on August 11, 1999. Appellant had not received a written decision on his complaint by December 2, 1999, 113 days after the filing of the complaint. Appellant opted to file his lawsuit in state court without waiting for a written decision; he filed suit on December 2, 1999. Accordingly, as a matter of law, the trial court was required to stay the state court proceedings to permit completion of the grievance system procedure under section 14.005(c).

### Analysis

According to the majority opinion, an inmate proceeds at his peril if he attempts to pursue his claim in federal court rather than state court because, according to the majority, the time limits for filing the state court action start to run from the moment the first notice of grievance is filed, even though state court litigation is not contemplated at the time. If the inmate in good faith files suit in federal court, and the federal judge decides the claim belongs in state court, the inmate will never be able to proceed in state court because, according to the majority opinion, more than 30 days will have passed since the inmate's initial grievance was denied by the prison authorities. Respectfully, such cannot be the intent of the statutes.

Before an inmate files litigation in federal court, he must comply with federal statutes that require him to exhaust administrative remedies. *See Booth v. Churner*

532 U.S. 731, 121 S.Ct. 1819, 1820 (2001). If he complies with those statutes, yet the federal judge decides the claim belongs in state court anyway, should the inmate be denied the opportunity to pursue the state court action just because the statutory deadline for filing the state court action expired while the inmate pursued a remedy through federal court? I do not believe so.

Here, appellant followed the rules. Within 13 days after his federal case was dismissed, he sent another notice of claim and demand to the TDCJ; it was appropriate to give the TDCJ another opportunity to settle before state court litigation was filed. When appellant received no written response to his demand, he timely filed his state court lawsuit. In my opinion, the trial court reversibly erred when it dismissed the lawsuit under section 14.005(b), rather than staying the proceeding under section 14.005(c).

Accordingly, I would reverse the judgment and remand the case to the trial court.