NUMBER
13-01-151-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

TERRY PITTS,                                                                      Appellant,

 

                                                   v.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET
AL.,             Appellees.

___________________________________________________________________

 

                        On
appeal from the 156th District Court

                                    of
Bee County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, Terry Pitts, brings this appeal
following an order dismissing with prejudice his pro se, in
forma pauperis suit.  By three points
of error, appellant generally contends the trial court erred by dismissing his
suit.  We modify the judgment and affirm
as modified.








Appellant is an inmate at the Wynne Unit
of the Texas Department of Criminal JusticeBInstitutional
Division.  Appellant filed a lawsuit
against appellees[1]
alleging they negligently and intentionally lost his personal property during a
unit transfer.  Appellees answered and
filed a motion to dismiss pursuant to chapter fourteen of the Texas Civil
Practice and Remedies Code contending appellant failed to comply with chapter
fourteen, and that his claim was frivolous. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 14.004, 14.005 (Vernon 2002).  Without a hearing, the trial court dismissed
appellant=s suit
with prejudice.  This appeal ensued.

I.  Standard








We apply an abuse of discretion standard
of review in the dismissal of an action under chapter fourteen of the Texas
Civil Practice and Remedies Code.  Allen
v. State, 80 S.W.3d 681, 682 (Tex. App.BHouston
[1st Dist.] 2002, pet. denied).  To
establish an abuse of discretion, appellant must show that the trial court=s action
was arbitrary or unreasonable in light of all the circumstances in the case;
i.e., whether the trial court acted without reference to any guiding rules and
principles.  Thomas v. Knight, 52
S.W.3d 292, 294 (Tex. App.BCorpus Christi 2002, pet. denied).  Where the trial court has not specified the
grounds for dismissal in its dispositive order, as in this instance, the order
will be affirmed if any of the theories advanced in the motion to dismiss
supports the dismissal.  Walker v.
Gonzales County Sheriff=s Dep=t, 35
S.W.3d 157, 162 (Tex. App.BCorpus Christi 2000, pet. denied).  

II. 
Dismissal and Hearing

 By
his second point of error, appellant contends the trial court erred in
dismissing his suit on the basis that it did not comply with the requirements
of sections 14.004 and 14.005 of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.004, 14.005.  

Section 14.004 provides that:

(a) An
inmate who files an affidavit or unsworn declaration to pay costs shall file a
separate affidavit or declaration:

 

(1)
identifying each suit, other than a suit under the Family Code, previously
brought by the person and in which the person was not represented by an
attorney, without regard to whether the person was an inmate at the time the suit
was brought; and

 

(2) describing each suit that was
previously brought by:

 

(A) stating the operative facts for which
relief was sought;

 

(B)
listing the case name, cause number, and the court in which the suit was
brought;

 

(C) identifying each party named in the
suit; and

 

(D)
stating the result of the suit, including whether the suit was dismissed as
frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

 








Id. ' 14.004(a) (Vernon 2002).  The filing requirements of section 14.004 are
designed to assist the trial court in curbing the flow of frivolous suits, and
are an essential part of the process by which trial courts accomplish this
goal.  Hickson v. Moya, 926 S.W.2d
397, 399 (Tex. App.BWaco 1996, no writ).  Where the inmate fails to comply with the
filing requirement detailed in section 14.004, the trial court is entitled to
assume that the suit is substantially similar to one previously filed by the
inmate, and is frivolous.  Jackson v.
Tex. Dep=t of Crim. Justice Inst. Div., 28
S.W.3d 811, 814 (Tex. App.BCorpus Christi 2000, pet. denied).  The failure to submit an affidavit or
declaration complying with section 14.004 is sufficient grounds for a trial
court=s
dismissal of the suit.  See Thomas,
52 S.W.3d at 295; Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex.
App.BHouston
[1st Dist.] 2000, pet. denied).

In this instance, appellant mentions
litigation in the body of his original petition that is not mentioned in his
affidavit.  Appellant asserts that the
suit mentioned in his petition is the same one listed in his affidavit.  However, the styles and cause numbers of the
two cases are different.  Thus, because
there is a suit mentioned in his original petition that is not listed in his
affidavit, appellant has failed to file an affidavit describing the nature and
claims of all of his previous suits. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.004(a).  Appellant has failed to comply with section
14.004.  See id.  We find the trial court did not abuse its
discretion in dismissing the suit on this basis.  See Thomas, 52 S.W.3d at 295; Clark,
23 S.W.3d at 422.








Appellant also contends the trial court
erred by dismissing his case without a hearing. 
Section 14.003 states that the trial court, in determining whether to
dismiss a case, may hold a hearing. 
See id. ' 14.003(c) (Vernon 2002) (emphasis
added).  The use of the term Amay@ clearly
indicates that the trial court has discretion in deciding whether to hold a
hearing or not; therefore, it was not incumbent upon the court to conduct a
hearing before dismissing appellant=s case. 
See Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.BFort
Worth 1997, pet. denied) (finding  term Amay,@ used in
section 14.003(c), indicated trial court=s decision to hold hearing was
discretionary).  Appellant=s second
point of error is overruled.[2]

III. 
Dismissal with Prejudice

By his third point of error, appellant
contends the trial court erred by dismissing his case with prejudice.








Dismissal with prejudice functions as a
final determination on the merits and operates as if the case has been fully
tried and decided.  Thomas, 52
S.W.3d at 295 (citing Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex.
1999)).  An order dismissing with prejudice
has full res judicata and collateral estoppel effect, barring subsequent
litigation of the same cause of action or issues between the same parties.  Id. 
Dismissal with prejudice is proper in only a limited number of
circumstances, and appellant=s claim does not fall under any one of the
categories that are appropriate for dismissal with prejudice.  See Lentworth v. Trahan, 981 S.W.2d
720, 722-23 (Tex. App.BHouston [1st Dist.] 1998, no pet.); see
also Univ. of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 771 (Tex. App.BHouston
[1st Dist.] 1999, pet. dism=d w.o.j.) (dismissal with prejudice on
sovereign immunity grounds).  Failure to
comply with the conditions set out in section 14.004 does not warrant dismissal
with prejudice.  See Thomas, 52
S.W.3d at 295; Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.BHouston
[1st Dist.] 2000, no pet.).  Appellant=s third
point of error is sustained.

Accordingly, we modify the trial court=s order
to provide that the claim is dismissed without prejudice and affirm the
judgment as modified.                                                                                      

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 27th day of
November, 2002.

 











[1]Appellees
include: Wayne Scott; Gary Johnson; Douglas Dretke; Jeff Marton; Thomas
Prasifka; Gilbert Cervantes; Juan Quintero; Willie Martin; Robert Dickey; and
the Texas Department of Criminal JusticeBInstitutional
Division. 

 





[2]Because
of the disposition of appellant=s
second point of error, we need not address his first point of error.  See Tex.
R. App. P. 47.1; see also Walker v. Gonzales County Sheriff=s
Dep=t,
35 S.W.3d 157, 162 (Tex. App.BCorpus
Christi 2000, pet. denied).