MARY'S OPINION HEADING 







                                                                                    NO. 12-02-00319-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RANDY GLENN CLARY,                                 §                 APPEAL FROM THE 369TH
APPELLANT

V.
 
JANIE COCKRELL, DIRECTOR, TEXAS      §                JUDICIAL DISTRICT COURT OF
DEPARTMENT OF CRIMINAL JUSTICE, 
AND BOARD OF PARDONS AND PAROLES
PANEL MEMBERS, TONY GARCIA, PAUL
KIEL, AND BRENDOLYN JOHNSON,
INDIVIDUALLY IN THEIR OFFICIAL
CAPACITIES, APPELLEES                        §                     ANDERSON COUNTY, TEXAS
 
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Randy Glenn Clary, an inmate residing in the Texas Department of Criminal
Justice–Institutional Division (“TDCJ-ID”), appeals the dismissal of his in forma pauperis suit for
money damages against Janie Cockrell, Director of TDCJ-ID, and Tony Garcia, Paul Kiel, and
Brendolyn Johnson, panel members of the Texas Board of Pardons and Paroles (collectively
Appellees). Clary presents four issues on appeal. We affirm.
 
Factual and Procedural Background
            In response to the parole panel’s denial of his request for parole, Clary brought suit in the
district court of Anderson County against Appellees alleging causes of action for intentional injury,
gross negligence, and negligence per se pursuant to the Texas Tort Claims Act. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001–101.109 (Vernon 1997 & Supp. 2004). Specifically, he avers that
(1) he is being illegally restrained by Appellees, (2) the illegal restraint is the result of Appellees’
misuse of the Texas criminal justice system and TCDJ-ID, which is composed of tangible personal
and real property, and (3) he is entitled to actual and exemplary damages as a result.



             The trial court, without conducting a hearing, dismissed the suit with prejudice because
Appellant failed to comply with the requirements of Chapter 14 of the Texas Practice and Remedies
Code. The trial court entered an order of dismissal finding that Clary failed to file his claim before
the thirty-first day after the final action could be had through the inmate grievance system. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). The trial court’s order of dismissal also
contains a provision that Clary pay an amount from his inmate trust account as a penalty for filing
the suit.
 
Dismissal of Suit
            In issues one through four,


 Appellant asserts, in part, that the trial court abused its discretion
by dismissing his claims for failure to comply with Section 14.005 of the Texas Civil Practice and
Remedies Code, which states:
 
              (a)          An inmate who files a claim that is subject to the grievance system established
under Section 501.008, Government Code, shall file with the court:
                            (1)         an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision described
by Section 501.008(d), Government Code, was received by the
inmate; and
                            (2)         a copy of the written decision from the grievance system.
              (b)         A court shall dismiss a claim if the inmate fails to file the claim before the 31st day
after the date the inmate receives the written decision from the grievance system.
              (c)          If a claim is filed before the grievance system procedure is complete, the court shall
stay the proceeding with respect to the claim for a period not to exceed 180 days to
permit completion of the grievance system procedure.


Tex. Civ. Prac. & Rem. Code Ann. § 14.005.
            We review a trial court’s dismissal of an inmate’s claim under Chapter 14 under an abuse of
discretion standard. Retzlaff v. Tex. Dep’t of Criminal Justice–Inst’l Div., 94 S.W.3d 650, 654
(Tex. App.–Houston [14th Dist.] 2002, pet. denied). To establish an abuse of discretion, Clary must
show that the trial court acted without reference to any guiding rules and principles or, alternatively,
that the trial court’s actions were arbitrary or unreasonably based on the circumstances of the
individual case. Id. The fact that, under similar circumstances, an appellate court might decide a
matter differently than did the trial court does not demonstrate that an abuse of discretion has
occurred. Id. 
            A court may dismiss an inmate claim if it finds the claim to be frivolous or malicious. Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). A claim is frivolous if it has no basis
in law or fact. See id. § 14.003(b)(2). An inmate may not file a claim in state court regarding
operative facts for which the grievance system provides the exclusive administrative remedy until
he receives a written decision issued by the highest authority provided in the grievance system. Tex.
Gov’t Code Ann. § 501.008(d)(1) (Vernon 1998). The grievance system provides the exclusive
administrative remedy for inmate claims arising under the Texas Tort Claims Act. See Wallace v.
Tex. Dep’t of Criminal Justice–Inst’l Div., 36 S.W.3d 607, 611 (Tex. App.–Houston [1st Dist.]
2000, pet. denied).
            In the instant case, the reason given by the trial court was that it was dismissing Appellant’s
causes of action because Appellant failed to file his claim before the thirty-first day after final action
could be had through the inmate grievance system. An examination of the record in this case does
not reveal that Appellant has filed any claim through the inmate grievance system. Therefore, the
trial court did not abuse its discretion in dismissing Clary’s lawsuit.
 
Monetary Damages
            In issue three, Appellant contends that his claim to damages is not subject to the inmate
grievance system. He asserts a claim for mental anguish and emotional distress arising from the
conviction, sentence, and laws applicable on the date he was sentenced. Appellant’s contention is
that any claim for damages exists outside the prison system.
            In Allen v. Texas Department of Criminal Justice–Institutional Division, 80 S.W.3d 681
(Tex. App.–Houston [1st Dist.] 2002, pet. denied), the First Court of Appeals addressed this issue. 
The court relied on Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001), a
Supreme Court case holding that as long as the grievance tribunal has authority to take some
responsive action, administrative exhaustion is required even when the grievance process does not
permit an award of money damages. Allen, 80 S.W.3d at 684. In Booth, the Supreme Court agreed
with the policy considerations advanced by respondents:
 
[R]equiring exhaustion in these circumstances would produce administrative results that would satisfy
at least some inmates who start out asking for nothing but money, since the very fact of being heard
and prompting administrative change can mollify passions even when nothing ends up in the pocket. 
And one may suppose that the administrative process itself would filter out some frivolous claims and
foster better-prepared litigation once a dispute did move to the courtroom, even absent formal
factfinding.


Booth, 532 U.S. at 737, 121 S. Ct. at 1823; see also Wright v. Hollingsworth, 260 F.3d 357, 358
(5th Cir. 2001) (holding that pursuant to Booth, inmate was required to exhaust all Texas
Department of Criminal Justice grievance procedures even though money damages were unavailable
in grievance system). The First Court of Appeals noted that our grievance system in Texas provides
procedures for an inmate to identify evidence to substantiate the inmate’s claim, and for an inmate
to receive all formal written responses to the inmate’s grievance. Allen, 80 S.W.3d at 684 (citing
Tex. Gov’t Code Ann. § 501.008(b) (Vernon 1998)). “By ‘filter[ing] out some frivolous claims
and foster[ing] better-prepared litigation,’ the TDCJ grievance tribunal ‘has authority to take some
responsive action.’” Id. (quoting Booth, 532 U.S. at 737, 121 S. Ct. at 1823) (alterations in original). 
The First Court of Appeals, thus, held that an inmate is required to exhaust all administrative
remedies under the grievance system, regardless of whether he sought monetary damages. Id. We
adopt Allen’s reasoning and also hold that even though Clary sought monetary damages, he was
required to exhaust all administrative remedies under the grievance system.
 
Failure to Conduct Hearing
            Clary also contends that the failure of the trial court to conduct an evidentiary hearing
violates his due process rights guaranteed by the United States Constitution. A hearing is not
necessary when the dismissal is made as a matter of law rather than fact. See Smith v. Tex. Dep’t
of Criminal Justice–Inst’l Div., 33 S.W.3d 338, 340 (Tex. App.–Texarkana 2000, pet. denied); see
also Sawyer v. Tex. Dep’t of Criminal Justice–Inst’l Div., 983 S.W.2d 310, 311 (Tex.
App.–Houston [1st Dist.] 1998, pet. denied). A claim has no arguable basis in law where, as here,
an inmate has failed to exhaust his administrative remedies. Retzlaff, 94 S.W.3d at 653. Therefore,
the trial court was not required to conduct an evidentiary hearing.
 
Conclusion
            Even though Clary sought monetary damages, he had to exhaust all administrative remedies
through the grievance system. Because he did not timely file his claim, the trial court did not abuse
its discretion by dismissing Clary’s lawsuit. Further, the trial court was not required to hold a
hearing under the facts of this case. Therefore, Clary’s issues one, two, three, and four are overruled. 
We affirm the judgment of the trial court.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.













(PUBLISH)