NO. 12-03-00053-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


RALPH O. DOUGLAS,                                      §     APPEAL FROM THE 87TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

PEACHES CROSS, ET AL.,
APPELLEES                                                      §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
            Ralph O. Douglas, an inmate in the Texas Department of Criminal Justice-Institutional
Division (TDCJ), appeals from the dismissal of his pro se in forma pauperis inmate suit against
Appellees Peaches Cross, Larry Buckley, Becky Campbell, John Forry, and William Homann,
correctional officers at TDCJ. In three issues, Douglas asserts the trial court erred in dismissing his
suit. We affirm. 

BackgroundOn June 3, 2002, Appellees searched Douglas’s cell during a unit cell search. While
searching his cell, Appellees found an envelope containing newspaper clippings. The ranking
officer, Buckley, instructed Campbell to dispose of the clippings.
            Douglas filed a Step 1 grievance on June 15, 2002. After receiving the decision from the
grievance system on July 24, 2002, Douglas filed a Step 2 grievance on August 4, 2002. He received
a written decision on the Step 2 grievance on August 20, 2002. Douglas then filed a pro se in forma
pauperis suit against Appellees for the malicious destruction of his property. He sought
compensatory damages of $20,000, punitive damages of $10,000, and exemplary damages of
$10,000. 
            Appellees filed a motion to dismiss Douglas’s suit on February 3, 2003. In their motion,
Appellees assert that Douglas failed to file his claim within the time period prescribed by Section
14.005(b) of the Texas Civil Practices and Remedies Code. The trial court granted the motion on
February 10, 2003. This appeal followed.

Chapter Fourteen Dismissal
            In three issues, Douglas asserts that the trial court (1) abused its discretion in dismissing the
suit, (2) violated his due process rights when it failed to consider his response to Appellees’ motion
to dismiss, and (3) violated his due process rights when it refused to allow him to present evidence
and arguments in rebuttal to Appellees’ motion to dismiss.
Standard of Review
            We review a trial court’s dismissal of an inmate’s claims under Chapter Fourteen of the
Texas Civil Practice and Remedies Code for an abuse of discretion. Hickson v. Moya, 926 S.W.2d
397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles. Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad
discretion to determine whether a case should be dismissed because (1) prisoners have a strong
incentive to litigate, (2) the government bears the cost of an in forma pauperis suit, (3) sanctions are
not effective, and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials,
courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.
App.–Tyler 1994, no writ). A trial court does not abuse its discretion by dismissing as frivolous a
Chapter Fourteen suit where the inmate does not fully comply with section 14.004. Jackson v. Tex.
Dep’t of Crim. Justice–Inst. Div., 28 S.W.3d 811, 814 (Tex. App.–Corpus Christi 2000, pet.
denied). 
Applicable Law and Discussion
            Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by
an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 
Tex Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. 
Section 14.005 provides that a trial court must dismiss a claim that is subject to the inmate grievance
system if the inmate fails to file the claim before the thirty-first day after the inmate received the
written decision from the grievance system. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b)
(Vernon 2002); Allen v. Texas Dep’t of Crim. Justice-Inst. Div., 80 S.W.3d 681, 683 (Tex.
App.–Houston [1st Dist.] 2002, pet. denied). To establish the date of receipt, the inmate must file
an affidavit or unsworn declaration stating the date the written decision was received. Tex. Civ.
Prac. & Rem. Code Ann. § 14.005(a)(1) (Vernon 2002). 
            Douglas alleges that he deposited his petition in the mail system on September 20, 2002. The
date of the actual postmark on the petition is not reflected in the record, but the petition was received
by the district clerk on September 25, 2002, thirty-six days after Douglas received the written
decision on his Step 2 grievance. However, the clerk did not file the petition. Instead, she returned
it to Douglas because he failed to include a certified copy of his trust account statement. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.006(f) (Vernon 2002). Douglas returned his petition to the
clerk, along with the requested account statement, on October 2, 2002, and it was filed by the district
clerk on October 7, 2002. Consequently, Appellees alleged in their motion to dismiss that Douglas’s
suit was not timely filed. 
            We first note that when a party presents pleadings, the district clerk has a duty to accept and
file them. In re Bernard, 993 S.W.2d 453, 454 (Tex. App.–Houston [1st Dist.] 1999, no pet.)
(O’Connor, J. concurring); see Tex. R. Civ. P. 24. When pleadings are tendered to the district clerk,
the clerk must accept them for filing. Bernard, 993 S.W.2d at 454 (emphasis original). Any ruling
regarding the propriety of pleadings must be made by the district judge, not the clerk. Id. Only the
district judge can decide that a pleading is not in its correct form; the clerk cannot make that
determination. Id. If the judge decides a party has not attached the necessary documents or it is
defective for some other reason, the judge must give the party a chance to correct the problem by
amendment or supplementation. Id. The same rules apply to inmate litigation. Nothing in Chapter
Fourteen permits a district clerk to refuse to accept an inmate’s petition for filing because it is not
accompanied by the correct supporting documentation. Id. 
            Additionally, the Texas Supreme Court recently held that a pro se inmate’s claim under
Texas Civil Practice and Remedies Code, section 14.004 is deemed filed at the time the inmate
places the document in a properly addressed and stamped envelope or wrapper in the hands of prison
authorities. Warner v. Glass, 135 S.W.3d 681, 685 (Tex. 2004). This provides for inmates’ access
to the courts given their unique circumstances without penalizing a pro se litigant for failing to
obtain a postmark or a file-stamp when the litigant has timely placed the document in the prison mail
system, the only delivery system to which he or she has access. Id. at 684-85. 
            In the present case, Douglas states in his affidavit that he received the written decision
denying his Step 2 grievance on August 20, 2002. Therefore, he was required to file his suit before
the thirty-first day after August 20 – September 19, 2002. Douglas claims to have deposited his
pleadings with the prison officials for mailing to the district clerk on September 20, 2002. 
Consequently, Douglas failed to file his suit within the time prescribed by section 14.005(b). 
Because Douglas did not timely file his suit, the trial court did not abuse its discretion in dismissing
the suit; thus, we overrule Douglas’s first issue.

Due Process
            In his second and third issues, Douglas asserts his due process rights were violated when the
trial court did not consider his response to Appellees’ motion to dismiss or allow him the opportunity
to present his evidence in a hearing. A trial court has discretion to dismiss the suit any time it
becomes apparent that the inmate has failed to meet the requirements set forth in Chapter Fourteen. 
Smith v. Texas Dep’t of Crim. Justice-Inst. Div., 33 S.W.3d 338, 341 (Tex. App.– Texarkana 2000,
pet. denied). We have determined that application of section 14.005(b) does not unlawfully deprive
an inmate of access to the courts. Roberson v. Howell, No. 12-02-00232-CV, 2003 WL 1193759,
at *3 (Tex. App.–Tyler Oct. 31, 2002, pet. denied). Therefore, when Douglas failed to timely file
his suit, the trial court was within its discretion in dismissing the suit. Further, a trial court’s
decision to hold a hearing on the dismissal of inmate litigation for failure to comply with the statutes
governing such litigation is discretionary. Williams v. Brown, 33 S.W.3d 410, 411 (Tex.
App.–Houston [1st Dist.] 2000, no pet.). Douglas’s due process arguments fail. Consequently, we
overrule issues two and three.
 
 
Disposition
            Having overruled each of Douglas’s issues, we affirm the trial court’s judgment.
 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered November 24, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




















(PUBLISH)