NUMBER 13-04-014-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

CHARLES ALLEN DONELLY,                                                       Appellant,

 

                                                             v.                                

 

TDCJ-CID, ET AL.,                                                                          Appellees.

 

On appeal from the 156th District
Court of Bee County, Texas.

 

 

                               MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez 

                            Memorandum
Opinion by Justice Yañez

 








Charles Allen Donelly, an inmate in the Texas
Department of Criminal JusticeB Institutional Division (ATDCJ@), proceeding pro se, filed an in forma pauperis suit
against Dawn M. Smith and TDCJ.  Donelly
appeals the trial court=s order dismissing his suit pursuant to section
14.005(b) of the civil practice and remedies code.[1]  In three issues, Donelly complains generally
that the trial court erred in its dismissal of his lawsuit.  We affirm.

We apply an abuse of discretion standard of review
in the dismissal of an action under chapter fourteen of the Texas Civil Practice
and Remedies Code.[2]  To establish an abuse of discretion,
appellant must show that the trial court's action was arbitrary or unreasonable
in light of all the circumstances in the case; i.e., whether the trial
court acted without reference to any guiding rules and principles.[3]  Where the trial court has not specified the
grounds for dismissal in its dispositive order, as in this instance,[4]
the order will be affirmed if any of the theories advanced in the motion to
dismiss supports the dismissal.[5]








Section 14.005(b) provides that the trial court Ashall dismiss a claim@ if an
inmate does not file the claim before the 31st day after he receives the
decision from the grievance system.[6]  At the hearing on the State=s motion to dismiss appellant=s petition, appellant testified that he received the
decision from his grievances on October 22, 2002.  It is undisputed that appellant=s petition was filed on March 13, 2003.  Appellant=s suit
was untimely because he did not file his claim before the 31st day after he
received notice of the written decision on his grievances.[7]  Thus, the trial court did not err in
dismissing the lawsuit.[8]


Appellant argues that he is entitled to Aequitable tolling@ of
the 31-day statute of limitations during the time his lawsuit was pending in
federal court.  However, appellant failed
to preserve this issue for review because he failed to raise the issue before
the trial court.[9]


We overrule appellant=s
three issues and AFFIRM the trial court=s order of dismissal.                                                       

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.

 

 

 

 

 

 











[1]
Chapter 14 of the Texas Civil
Practice and Remedies Code controls suits brought by an inmate in which the
inmate has filed an affidavit or unsworn declaration of inability to pay
costs.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon 2002).  Section 14.005(b) provides that A[a] court shall dismiss a claim if
the inmate fails to file the claim before the 31st day after the date the
inmate receives the written decision from the grievance system.@ 
Id. ' 14.005(b). 





[2]
Allen v. Scott, 80 S.W.3d 681, 682 (Tex. App.BHouston [1st Dist.] 2002, pet.
denied). 





[3]
Thomas v. Knight, 52 S.W.3d 292, 294-95 (Tex. App.BCorpus Christi 2002, pet. denied). 





[4]
Here, the trial court=s order states that appellant=s petition Ais not in compliance with the
requirements set forth in Texas Civil Practice and Remedies Code, Chapter 14.@ 






[5]
Walker v. Gonzales County
Sheriff's Dep't,
35 S.W.3d 157, 162 (Tex. App.BCorpus Christi 2000, pet. denied).





[6]
See Tex. Civ.
Prac. & Rem. Code Ann. ' 14.005(b) (Vernon 2002). 





[7]
See id.  





[8]
See Allen, 80 S.W.3d at 683.   





[9]
See Tex. R.
App. P. 33.1(a).