In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-350 CV


______________________


 

LUIS S. LAGAITE, JR., Appellant



V.



JOSEPH SMITH, ET AL, Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-176593






MEMORANDUM OPINION


 Luis S. Lagaite, Jr., an inmate, filed this wrongful death action as "next of kin or
friend" of inmate Angel Aguilar against senior warden Joseph Smith and other TDCJ
employees. Lagaite alleged that Aguilar had been subjected to several physical attacks by
rival gang members and committed suicide after Smith and the other defendants failed to
house Aguilar in protective custody. Lagaite filed an unsworn declaration of his inability to
pay costs, and both an unsworn declaration and an affidavit regarding previous lawsuits. 

 Smith filed a motion to dismiss pursuant to Chapter 14 of the Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002). Smith
alleged that Lagaite failed to file an affidavit or unsworn declaration that a grievance was
filed, failed to provide the date he received the written decision, and failed to attach a copy
of the written decision from the grievance system. See id. § 14.005(a). The trial court
granted the motion to dismiss.

 We review a Chapter 14 dismissal under an abuse of discretion standard. Moore v.
Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont 2004, pet. denied). To establish an
abuse of discretion, an appellant must show the trial court acted arbitrarily or unreasonably
in light of the circumstances. Jackson v. Tex. Dep't of Crim. Justice-Inst'l Div., 28 S.W.3d
811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). Chapter 14 applies to inmate suits
in which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex.
Civ. Prac. & Rem. Code Ann. § 14.002. Section 14.003 allows a court to dismiss an
inmate's claim if it determines the claim is frivolous or malicious. Id. § 14.003(a)(2). In
determining whether a claim is frivolous or malicious, the court may consider whether the
claim has no arguable basis in law or fact. Id. § 14.003(b)(2). When the trial court does not
hold a hearing on the motion to dismiss, the issue before a reviewing court is whether the
trial court properly determined the lawsuit had no arguable basis in law. Gordon v. Scott, 6
S.W.3d 365, 369 (Tex. App.--Beaumont 1999, pet. denied). 

 When the prison grievance tribunal has authority to take some responsive action, an
inmate must exhaust his administrative remedies even if the grievance process does not
permit an award of money damages. Allen v. Tex. Dep't of Crim. Justice-Inst'l Div., 80
S.W.3d 681, 684 (Tex. App.--Houston [1st Dist.] 2002, pet. denied) (citing Booth v. Churner,
532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). In Booth, the United States
Supreme Court explained the following policy considerations under a similar federal
requirement: 

 [R]equiring exhaustion in these circumstances would produce administrative
results that would satisfy at least some inmates who start out asking for
nothing but money, since the very fact of being heard and prompting
administrative change can mollify passions even when nothing ends up in the
pocket. And one may suppose that the administrative process itself would
filter out some frivolous claims and foster better-prepared litigation once a
dispute did move to the courtroom, even absent formal factfinding.


Booth, 532 U.S. at 737. The same considerations apply here. The grievance system in Texas
provides procedures for an inmate to identify evidence to substantiate the inmate's claim, and
for an inmate to receive all formal written responses to the inmate's grievance. Allen, 80
S.W.3d at 684. "By 'filtering out some frivolous claims and fostering better-prepared
litigation,' the TDCJ grievance tribunal 'has authority to take some responsive action.'" Id.
(quoting Booth, 532 U.S. at 737). 

 We understand Lagaite to argue that the trial court erred in excluding him from a
hearing held on July 14, 2006, and also that the trial court denied him due process and erred
in not holding an evidentiary hearing before his suit was dismissed. An evidentiary hearing
is not necessarily required for a court to determine a suit has no arguable basis in law under
Chapter 14, however. Gordon, 6 S.W.3d at 369; Mullins v. Estelle High Sec. Unit, 111
S.W.3d 268, 272 (Tex. App.--Texarkana 2003, no pet.). A trial court, exercising its
discretion, may conclude a claim has no arguable basis if an inmate fails to exhaust his
administrative remedies. See generally Pedraza v. Tibbs, 826 S.W.2d 695, 699 (Tex. App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.). Smith filed a notice of submission and
requested that the trial court consider his motion to dismiss on July 14, 2006. The record
indicates that, without holding a hearing, the trial court considered and ruled on the motion
on that date.

 Lagaite filed an unsworn declaration in support of exhaustion of administrative
remedies, and a copy of an unrelated grievance. In the grievance, Lagaite made reference
to an earlier filed grievance made in connection with this complaint. Lagaite filed another
unsworn declaration and a copy of a Step 1 grievance regarding, among other matters,
Smith's conduct toward Aguilar in the days leading up to Aguilar's death. The grievance
was returned to him without disposition because the issue as presented was considered not
grievable. Lagaite then filed a Step 2 grievance, which was returned to him because his Step
1 grievance had been returned for improper submission. 

 Regardless, a plaintiff must have standing and capacity to bring a lawsuit. Austin
Nursing Center v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005). There is nothing in the record
to indicate Lagaite is a statutory beneficiary, is a representative of the estate, or otherwise has
standing to bring a wrongful death or survival action as a result of Aguilar's injuries and
death. See Tex. Civ. Prac. & Rem. Code Ann. §§ 71.004, 71.021 (Vernon 1997). (1)
 The
issue of standing focuses on whether a party has a justiciable interest in the outcome of the
lawsuit. Lavato, 171 S.W.3d at 848. We should not reverse a dismissal order, even if the
record suggests the grievance process was finally exhausted, when the pleadings indicate the
plaintiff lacks standing to file the lawsuit. 

 Lagaite also contends Chapter 14 violates the Equal Protection Clause of the Texas
Constitution because it treats inmates differently from non-inmates. To assert an equal
protection claim, Lagaite must establish "(1) that he was treated differently than other
similarly-situated parties; and (2) he was treated differently without a reasonable basis." 
Sanders v. Palunksy, 36 S.W.3d 222, 225 (Tex. App.--Houston [14th Dist.] 2001, no pet.). 
The provisions of Chapter 14 apply to all inmate suits in which an affidavit or unsworn
declaration of inability to pay costs is filed, and all indigent inmates must comply with the
special filing and time limit requirements. Id. Lagaite has not shown that he has been treated
differently from other similarly-situated inmates. 

 Lagaite contends the statute violates the Open Courts Provision of the Texas
Constitution. The Open Courts Provision provides, "All courts shall be open, and every
person for an injury done him, in his lands, goods, person or reputation, shall have remedy
by due course of law." Tex. Const. art. I, § 13. In analyzing an open courts challenge,
courts must determine (1) if the litigant has a cognizable common law cause of action that
is being restricted, and (2) if so, whether "'the restriction is unreasonable or arbitrary when
balanced against the purpose and basis of the statute.'" Thomas v. Bush, 23 S.W.3d 215, 218
(Tex. App.--Beaumont 2000, pet. denied) (quoting Sax v. Votteler, 648 S.W.2d 661, 666
(Tex. 1983)). The restrictions are not unreasonable or arbitrary when balanced against the
underlying purposes of the statute. See id. at 219 (statute controls flood of frivolous lawsuits
filed by prison inmates). In any event, it is not apparent that appellant has standing to assert
any claim in this case, common-law or statutory. 

 Lagaite's three issues are overruled. The judgment is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on April 13, 2007

Opinion Delivered April 26, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. At our request, the parties filed supplemental briefs addressing the standing issue.