

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00123-CV

**RODNEY EARL WILLIAMS,**

                                                                        **Appellant**

 **v.**

**BILLIE HARRIS AND DELETA JONES,**

                                                                        **Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24,604

## MEMORANDUM  OPINION

Rodney Earl Williams, a prison inmate, appeals the trial court's dismissal of his civil lawsuit for failure to comply with certain requirements for indigent inmate litigation. *See* TEX. CIV. PRAC & REM. CODE ANN. Ch. 14 (West 2002). Because the trial court did not abuse its discretion in dismissing the suit, we affirm the trial court's judgment.

Williams' suit against prison employees Billie Harris and Deleta Jones was originally filed on March 16, 2009. In November of 2010, the Attorney General, representing Harris and Jones, filed a motion to dismiss contending, among other

things, that Williams failed to file his suit prior to the 31st day after he received his written decision from the grievance system. *See id*. § 14.005(b). The trial court granted the Attorney General's motion on this ground. On appeal, Williams contends in one issue that his suit was timely because he filed another grievance which reopened the prior grievance.

Section 14.005(b) of the Civil Practice and Remedies Code requires a trial court to dismiss an inmate lawsuit which is subject to the prison grievance system "if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id*. We review a dismissal pursuant to Chapter 14 of the Civil Practice and Remedies Code under an abuse-of-discretion standard. *Allen v. Tex. Dep't Crim. Just.*, 80 S.W.3d 681, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

Attached to Williams' first petition were copies of a Step One grievance form and a Step Two grievance form.[1] The Step Two form was signed by Williams on September 8, 2008. It appears a decision was made on the grievance some time in October of 2008. The date stamp on the copy of the form is unclear. Even assuming that the decision was not rendered until October 31, 2008, Williams filed his petition 4 and a half months later. This is too late. But Williams claims that a later grievance reopened this 2008 decision. In one of his many amendments to his original petition, this one filed on

---

[1] Williams did not attach an affidavit or unsworn declaration stating the date that the grievance was filed and the date a written decision of the grievance was received by the inmate as required by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002). This was another reason the trial court could have dismissed Williams' suit. *See Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.).

October 6, 2010, Williams added Step One and Step Two grievance forms to the amended petition. A decision on that grievance was made on August 24, 2010. This grievance was not against Harris or Jones but was against a doctor in the prison system. Further, there is nothing on the forms or in the record that would indicate the previous grievance against Harris and Jones was reopened by this later grievance against a prison doctor, thus giving Williams 31 additional days after the receipt of the decision on the later grievance to file his suit. Accordingly, the trial court did not abuse its discretion in dismissing Williams' suit for failure to file it within 31 days of the date he received the decision on his grievance against Harris and Jones.[2]

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 19, 2011
[CV06]

---

[2] Because of our disposition, we need not address whether the failure to timely file suit after exhaustion of the grievance system can be cured or whether the time in which suit must be filed can be "reopened," as Williams suggests, by filing a second grievance involving the same claim.