

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00138-CV

**MICHAEL PHILLIPS,**

                                **Appellant**

 **v.**

**TDCJ-ID, RICHARD THALER, M.E. SAMS,**
**J. PEAVEY, J. CALHOUN, A. CASTILLO,**
**AND TEXAS CORRECTIONAL INDUSTRIAL,**

                                **Appellees**

_____

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 24,624**

_____

## MEMORANDUM  OPINION

_____

Michael Phillips, a prison inmate, appeals the trial court's dismissal of his civil lawsuit for failure to comply with certain requirements for indigent inmate litigation. *See* TEX. CIV. PRAC & REM. CODE ANN. Ch. 14 (West 2002 & Supp. 2011).  Because the trial court did not abuse its discretion in dismissing the suit, we affirm the trial court's judgment.

Phillips' suit against the Texas Department of Criminal Justice-Institutional Division and various other prison employees/officials was originally filed on April 9,

2009. In January of 2011, the Attorney General, representing defendants Joe Calhoun, Al Castillo, Johnny Peavey, Martin Sams, and Richard Thaler,[1] filed an amended motion to dismiss contending, among other things, that Phillips failed to file his suit prior to the 31st day after he received his written decision from the grievance system. *See id*. § 14.005(b) (West 2002). The trial court dismissed Phillips' suit for failure to comply with the requirements of Chapter 14. On appeal, in two issues, Phillips contends that the trial court erred in dismissing his suit.

Section 14.005(b) of the Civil Practice and Remedies Code requires a trial court to dismiss an inmate lawsuit which is subject to the prison grievance system "if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id*. We review a dismissal pursuant to Chapter 14 of the Civil Practice and Remedies Code under an abuse-of-discretion standard. *Allen v. Tex. Dep't Crim. Just*., 80 S.W.3d 681, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

Attached to Phillips' petition were copies of a Step One grievance form and a Step Two grievance form. Although the Step Two form was signed by Phillips on August 21, 2008, the response by the TDCJ official was dated November 7, 2008, and the front of the form was stamped November 14, 2008, Phillips stated in an affidavit behind the forms that he did not receive the Step Two grievance decision until February 28, 2009. Even assuming Phillips did not receive the decision until February 28, 2009,

---

[1] The trial court's order of dismissal pertains to these five defendants only. It was argued at the hearing on the defendants' motion to dismiss that only these defendants had been served. It is, however, clear that the judgment is final for purposes of appeal and our jurisdiction.

Phillips filed his petition more than 31 days later.  This is too late.  *See Williams v. Harris*, No. 10-11-00123-CV, 2011 Tex. App. LEXIS 8305 (Tex. App.—Waco Oct. 19, 2011, no pet. h.) (mem. op.); *Hutchinson v. TDCJ-ID*, 2011 Tex. App. LEXIS 5433 (Tex. App.—Waco July 13, 2011, no pet.) (mem. op.); *Wolf v. Tex. Dep't of Crim. Justice*, 182 S.W.3d 449 (Tex. App.—Texarkana 2006, pet. denied).  Accordingly, the trial court did not err in dismissing Phillips' suit.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 7, 2012
[CV06]